F. BRACKMAN'S ADM'R *v.* M. F. ALLISON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—278.]

**Judicial Sale of Real Estate.**

> Where real estate is sold at judicial sale in the settlement of an estate, and no one is complaining and filing exceptions except the purchaser, the sale, not being void, vests in him the title, and when all the parties to the record are satisfied with such sale such sale should be confirmed.

APPEAL FROM TODD CIRCUIT COURT.

September 29, 1880.

OPINION BY JUDGE PRYOR:

It is not necessary to determine in this case the constitutionality of the law requiring real estate to be valued when sold by the judgment of a court of equity, in so far as it affects liabilities incurred prior to its enactment. There is no one complaining but the purchaser, and no exceptions filed to the report of sale except by him. The sale is not void, but vests him with title; and when all the parties to the record are resisting the motion to set the sale aside, in what danger can the purchaser be placed by its confirmation? This is an action to settle an insolvent estate to pay debts. The administrator and heirs of the decedent are all parties to the record. Some are married women, and one an infant; yet they are as much bound by the judgment as an adult. Besides, in this case the infant, by his statutory guardian and guardian ad litem, and the married women and their husbands appeared in the court below and are resisting the motion of the purchaser in this court as appellants.

The order setting the sale aside is *reversed* and cause remanded with directions to confirm it.

*H. G. Petrie, W. L. Reeves, for appellants.*

*G. Terry, S. H. Perkins, B. T. Perkins, Jr., for appellees.*